*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LINA SLEIMAN,

               Plaintiff/Counterdefendant-Appellee,

v

GARY SLEIMAN,

               Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
May 12, 2026
9:56 AM

No. 371270
Wayne Circuit Court
LC No. 22-108323-DO

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Defendant/counterplaintiff, Gary Sleiman, appeals as of right from a May 22, 2024 judgment of divorce. In relevant part, the judgment of divorce: (1) divided the marital estate; and (2) awarded plaintiff/counterdefendant, Lina Sleiman, $1,500 in monthly spousal support. For the reasons set forth in this opinion, we remand this matter for the trial court to make findings and properly explain its ruling as provided in this opinion.

## I. BACKGROUND

After a lengthy marriage, plaintiff filed for divorce in July 2022. The parties had two living adult children, Michael Sleiman and Zachary Sleiman. Shortly after plaintiff initiated the action, the trial court entered mutual restraining orders concerning the parties' finances, which were intended to maintain the parties' fiscal status quo. The proceedings were contentious, and each party accused the other of secreting marital funds. Before trial commenced, the marital home was sold, and the proceeds were divided between the parties.

A bench trial was held over the course of several days. The issues on appeal concern (1) a condominium located on Garrison Street in Dearborn, Michigan; and (2) real property located in Lebanon, which included land and a home the parties constructed and furnished during the marriage. At the time of trial, plaintiff and Michael held the Garrison property as joint tenants with full rights of survivorship. Michael had resided in the Garrison property since 2020. The Garrison property was originally purchased in plaintiff's name, but Michael's name was added through a quitclaim deed from plaintiff because the condominium association would not allow Michael to live there unless he was "on title."

-1-

Following trial, the court made rulings from the bench and subsequently entered a judgment of divorce. In relevant part, the trial court awarded plaintiff the Garrison and Lebanon properties. The trial court ordered Michael to either vacate the Garrison property or pay plaintiff the fair market value of the property if plaintiff elected to allow him to continue living in the condominium. Defendant was awarded his businesses, including their assets and debts. This appeal followed.

## II. ANALYSIS

Defendant first argues that the trial court's judgment provision eliminating Michael's ownership interest in the Garrison condominium is void and must be vacated because the trial court lacked subject-matter jurisdiction over non-party Michael's property interest. Defendant maintains that the jurisdiction of the divorce court is defined by statute and does not include jurisdiction over third parties, who may be joined only if there is evidence that the third party conspired with one spouse to defraud the other spouse. There are no allegations of fraud in this case. Defendant also appears to argue that the trial court's judgment could not be enforced against Michael because doing so would violate the statute of frauds as to Michael.

"Whether the trial court had subject-matter jurisdiction over a claim is a question of law that we review de novo." *Ryan v Ryan*, 260 Mich App 315, 331; 677 NW2d 899 (2004). "This Court has long recognized that the jurisdiction of a divorce court is strictly statutory and limited to determining the rights and obligations between the husband and wife, to the exclusion of third parties . . . ." *Cassidy v Cassidy*, 318 Mich App 463, 493; 899 NW2d 65 (2017) (quotation marks and citation omitted; ellipsis in original). However, there is an exception to this rule that applies when fraud is alleged, which allows third parties to be joined in a divorce action "only if they have conspired with one spouse to defraud the other spouse of a property interest." *Id*. (quotation marks and citation omitted). Hence, as this Court has also explained:

> Absent allegations of fraud, the trial court in a divorce action may only adjudicate the rights of the spouses whose marriage is being dissolved. Thus, the trial court's jurisdiction is limited to the dissolution of the marriage, and to matters ancillary to the marriage's dissolution, such as child support, spousal support, an equitable division of marital assets, and the award to one spouse of the other spouse's property in certain circumstances. So, in a divorce action, the trial court lacks the authority " 'to compel a party to convey property or a property interest to a third person, even a child of the parties, or to adjudicate claims of third parties.' " [*Reed v Reed*, 265 Mich App 131, 157-158; 693 NW2d 825 (2005) (citations omitted).]

Here, defendant contends that the trial court lacked subject matter jurisdiction over the property interests attributable to Michael. Notwithstanding this assertion, it is a fundamental principle of law that a litigant must assert his or her own legal rights and interests and may not seek relief premised upon the legal rights or interests of third parties. *Id*. at 159. Accordingly, even assuming arguendo that defendant's jurisdictional argument is legally sound, defendant has failed to articulate a cognizable basis for appellate relief in his own right. *Id*.

-2-

Next, defendant argues that the trial court's property division was not supported by the necessary findings and should therefore be reversed. Specifically, defendant contends that the trial court materially erred by awarding the Garrison and Lebanon properties entirely to plaintiff without discussing defendant's interests in those properties. Defendant further argues that the trial court also did not make findings concerning the overall equity of the property division.

The goal for property division in an action for divorce is equity. *Cassidy*, 318 Mich App at 477. "Although marital property need not be divided equally, it must be divided equitably in light of a court's evaluation of the parties' contributions, faults, and needs." *Id*. Our standard of review in this context is well settled:

> In deciding issues on appeal involving division of marital property, this Court first reviews the trial court's findings of fact. Findings of fact, such as a trial court's valuations of particular marital assets, will not be reversed unless clearly erroneous. A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake was made. If the trial court's findings of fact are upheld, this Court must decide whether the dispositive ruling was fair and equitable in light of those facts. The dispositional ruling is discretionary and will be affirmed unless this Court is left with a firm conviction that the division was inequitable. [*Id*. at 476-477, quoting *Butler v Simmons–Butler*, 308 Mich App 195, 207-208; 863 NW2d 677 (2014).]

The following factors, as well as any other factors that may be relevant in a particular case, are to be considered, as they are relevant, in determining the property division in a given case:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Sparks v Sparks*, 440 Mich 141, 159-160; 485 NW2d 893 (1992).]

Furthermore, the determination of an equitable property division is not based on a rigid framework or strict mathematical formula, but the trial court nonetheless has an obligation to make specific findings of fact justifying and explaining its decision so as to facilitate meaningful appellate review. *Id*. at 158-159. "The determination of relevant factors will vary with the circumstances of each case, and no one factor should be given undue weight. The trial court must make specific findings regarding the factors it determines to be relevant." *Butler*, 308 Mich App at 208-209 (quotation marks and citation omitted).

Here, the trial court did not explain how its property distribution was equitable. It merely divided the property, without any discussion of relative values of the property, and essentially implied that it was "equitable" in the court's unsubstantiated opinion. This is insufficient to permit meaningful appellate review. *Sparks*, 440 Mich at 158-159; *Butler*, 308 Mich App at 208-209. We therefore remand this matter for the trial court to make appropriate factual findings under the *Sparks* framework justifying its property distribution.

Remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.  No costs are awarded.  MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman